## Case No. 2,725.

### The CIRCASSIAN.

[6 Ben. 512.][1]

District Court, S. D. New York. May, 1873.

MARSHAL'S COSTS—CUSTODY FEES—PROPERTY HELD UNDER SEVERAL PROCESSES.

1. Where the marshal holds property under several processes in admiralty, the proper rule, as to the per diem custody fee, is to divide it equally, for each day, among the cases wherein the vessel was held by process in force on that day, saving to the marshal, in case any party fails to pay his proper proportion, a remedy therefor against the other parties.

2. No compensation for custody of property held by the marshal under process, in admiralty, can be made to him, beyond $2.50 per day.

H. E. Tremain, for marshal.

C. Donohue, for libellants.

BLATCHFORD, District Judge. The vessel being in the custody of the marshal on process in each one of several cases, the question is presented, whether the entire custody fees are to be charged in the suit wherein the process was first served. I think the proper rule is that laid down by Judge Sprague, in the case of The John Walls, Jr. [Case No. 7,432]. In that case, the vessel was in the custody of the marshal on a previous libel, when the second suit was instituted, and it had been the practice of the marshal, where he held property by virtue of two warrants of arrest, to charge the whole custody fees in the first suit; but the court directed that they should be apportioned equally, charging one-half to each suit. The proper rule in the present cases is to divide the per diem custody fee, for each day, equally among the cases wherein the vessel was held by process in force on such day, saving to the marshal,

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in case any party fails to pay his proper proportion, a remedy therefor against the other parties.

As to an allowance to the marshal for keeping the personal property attached in these cases, as a compensation beyond the sum of $2.50 per day, as the necessary expenses of keeping the property attached, I do not think the court has any power to make such allowance. These suits are civil suits, in rem, in admiralty, against a vessel. The act of February 26, 1853 (10 Stat. 161), provides, that no other compensation to marshals than that prescribed by said act shall be taxed and allowed, and that the compensation prescribed by said act shall be taxed and allowed. Under the head of "Marshal's Fees," the act says: "For service of any warrant, attachment, summons, capias, or other writ (except execution, venire, or a summons or subpoena for a witness), two dollars for each person on whom such service may be made, provided, that, on petition, setting forth the facts on oath, the court may allow such fair compensation for the keeping of personal property attached and held on mesne process, as shall, on examination, be found to be reasonable." But, subsequently in the act, there are provisions covering compensation for the sale of property under process in admiralty, in the nature of commissions on the proceeds, and the fee for serving process in admiralty, and the expense of keeping property attached in admiralty, and commissions to the marshal in case of a settlement by the parties of a claim in admiralty without a sale of the property attached. Among the provisions is this one: "For serving an attachment in rem, or a libel in admiralty, two dollars; and the necessary expense of keeping boats, vessels, or other property, attached or libelled in admiralty, not exceeding two dollars and fifty cents per day." This covers the entire subject of the expense of keeping property attached or libelled in admiralty. Only the necessary expense can be allowed, but the amount can never exceed $2.50 per day. The clause in regard to the allowance of a fair compensation, by the court, on petition, for the keeping of personal property attached and held on mesne process, refers to property other than that attached or libelled in admiralty. The word "compensation" means the same thing, in the act, as fees or expenses; and, when the expenses of keeping property are limited, that is, within the meaning of the act, a limitation on the "compensation" of the marshal in respect of such keeping. The act authorizes the bill of "fees" of the marshal to be taxed and included in the judgment or decree against the losing party; and it forbids the marshal from receiving any other or greater "compensation," for any services rendered by him, than is provided in the act, and repeals all acts allowing to him any other or greater "fees" than those allowed in the act. It may be that the limitation in respect to the expense of keeping

property attached in admiralty is, at present, fixed at too low a rate, for this port; but the remedy is with congress. Since the act of 1853 was passed, there has never been, so far as I am informed, any allowance made, in this district, or in any other district, for the expenses of keeping property attached in admiralty, beyond $2.50 per day.